IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-00433-01-CR-W-BP |
| | ) | |
| ERIC E. DAVISON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on the Defendant's Motion to Suppress Evidence. (Doc. 19.) Magistrate Judge Robert E. Larsen has recommended this Court enter an Order denying Defendant's Motion on the basis that there was reasonable suspicion to conduct the *Terry* stop. (Doc. 34.) Defendant objects. (Doc. 41.) The Court adopts the Report and Recommendation, makes additional findings, and **DENIES** Defendant's Motion to Suppress Evidence.

## FINDINGS OF FACT

The Court adopts the findings of fact in Judge Larsen's Report and Recommendation, (Doc. 34), and additionally finds as follows based on evidence established at the suppression hearing.

1. Officer Pickens has been with the Kansas City, Missouri Police Department for over thirteen years and currently performs investigations on Housing Authority property and within high criminal areas. (Tr. at 3-4.) Previously, Officer Pickens conducted surveillance in drug-related arrests and investigations. (Tr. at 3.)

2. Officer Pickens observed two individuals, including Defendant, walk through the yard of a private residence (627 Forest), which he knew to be a drug house because: he once arrested the owner of the house for possession of methamphetamines; he had been informed by other officers and people from within the department's intelligence community that the house was a drug house; a narcotic search warrant had previously been executed at the house. (Tr. at 11.)
3. Officer Pickens knew that the general area was of a high-crime nature. (Tr. at 11, 13.) He testified that there were numerous, random shootings at police in the area just three months earlier two to three blocks away. (Tr. at 13.)
4. Officer Pickens conducted a frisk of Defendant for officer safety due to the high-crime nature of the area and private residence, Defendant's evasive behavior, and the fact that there had recently been shootings in the area. (Tr. at 13, 47.)

## **LEGAL ANALYSIS**

In his Motion to Suppress, Defendant argued that Officer Pickens lacked reasonable suspicion to conduct a *Terry* stop. Therefore, this argument was the focus of the hearing held by Magistrate Larsen and the Report that found the *Terry* stop constitutional. (*See* Doc. 34.) This Court adopts Magistrate's Larsen's Report and Recommendation and finds the *Terry* stop constitutional.

In Defendant's Objection to the Report and Recommendation, Defendant raises a new argument: that Officer Pickens also lacked reasonable suspicion to conduct a frisk. (*See* Doc. 41.) Specifically, Defendant argues Officer Pickens did not have reason to believe Defendant was armed and dangerous because: there was no indication that weapons were involved in the theft of the truck; there was no bulge in Defendant's clothing; Defendant did not flee, hide or

2

engage in suspicious hand or body movements.  According to Defendant, Officer Pickens' frisk was not reasonably related in scope to the justification for its initiation.  Based on this alleged illegality, Defendant argues the evidence found as a result of the frisk should be suppressed.

An officer may conduct a frisk for weapons when he has "reason to believe that he is dealing with an armed and dangerous individual[.]" *Terry v. Ohio*, 392 U.S. 1, 27 (1968).  The officer does not have to be absolutely certain that the individual is carrying a weapon. *Id.*  To determine whether an officer had reasonable suspicion to frisk an individual, courts must examine the totality of the circumstances. *United States v. Arvizu*, 534 U.S. 266, 273 (2002).  Factors to consider include "time of day or night, location of the suspect parties, and the parties' behavior when they become aware of the officer's presence." *United States v. Dawdy*, 46 F.3d 1427, 1429 (8th Cir. 1995).  Inferences and deductions based on officers' own experiences and training are also relevant. *United States v. Poitier,* 818 F.2d 679, 683 (8th Cir. 1987).

In this case, Officer Pickens was justified in conducting a frisk of Defendant.  The Supreme Court has long recognized that the sole justification for a frisk pursuant to *Terry* is the protection of the police officer and others nearby. *Terry*, 392 U.S. at 26, 27.  Officer Pickens had reasonable suspicion to believe Defendant was armed and dangerous because he suspected that Defendant had stolen a truck. *See United States v. Hanlon*, 401 F.3d 926, 929 (8th Cir. 2005) (officer had reasonable suspicion that justified subjecting a defendant suspected of stealing a truck to pat-down).  Furthermore, Officer Pickens encountered Defendant in an area that was known for its high-crime nature.  Officer Pickens was aware of unprovoked shootings at officers in the area a few months before.  The recent shootings coupled with the high-crime nature of the area are sufficient to warrant reasonable belief that his safety was in danger. *See U.S. v. Bailey*, 417 F.3d 873, 877 (8th Cir.  2005) (court found reasonable suspicion to conduct a frisk based on

3

the frequency of the crime in the neighborhood and the fact that there had been an attempted armed carjacking a few days before). Prior to the encounter, Defendant had averted his gaze upon observing Officer Pickens, and this bolstered Officer Picken's reasonable suspicion that he was armed and dangerous. *See United States v. Robinson*, 119 F.3d 663, 667 (8th Cir. 1997) (failure to make eye contact strengthens an officer's reasonable suspicion that individuals are armed and dangerous). Thus, the frisk of Defendant was constitutional and the evidence arising from it need not be suppressed.

## **CONCLUSION**

Accordingly, after an independent and careful review, the Court **OVERRULES** Defendant's objection, (Doc. 41), and **ADOPTS** Judge Larsen's Report and Recommendation (Doc. 34). Defendant's Motion to Suppress, (Doc. 19), is **DENIED.**

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE: July 1, 2014